IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER A. BERNARD and WYNTON A. BERNARD,<br>               Plaintiffs,<br><br>v.<br><br>PHILIP A. IGNELZI,<br>               Defendant. | CIVIL ACTION<br><br><br>NO. 23-3110 |

**O R D E R**

**AND NOW**, this 15th day of August, 2023, it is **HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** the above-captioned case to the United States District Court for the Western District of Pennsylvania.[i]

BY THE COURT:

/s/Wendy Beetlestone, J.

_____
WENDY BEETLESTONE, J.

---

[i] Pursuant to 28 U.S.C. §1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Venue is proper in the district (1) "in which any defendant resides," (2) "in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  As the events giving rise to this action occurred in Allegheny County, in the Western District of Pennsylvania, Plaintiffs argue that venue is proper in the Eastern District because Defendant resides here.  In support of this argument, Plaintiffs contend that Defendant is a Pennsylvania official and is therefore deemed to reside in every district of the Commonwealth.  That is not the case.  "[S]tate officials who are sued in their official capacities should be deemed for venue purposes to reside at the place where they maintain their official offices. . . . "  *Taylor v. White*, 132 F.R.D. 636, 640 (E.D. Pa. 1990).  Defendant Ignelzi is a judge of the Court of Common Pleas of Allegheny County, and maintains his official offices there.  Venue, as a result, is not proper in this District.

And even if venue were proper in the Eastern District, transfer would still be warranted pursuant to 28 U.S.C. § 1404 and the factors outlined in *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).  The underlying actions alleged in the Complaint took place in the Western District; litigating in the Western District would not inconvenience Plaintiffs, as they live there; and the Western District has a strong local interest in this litigation, which centers on the alleged misuse of the official power of the Allegheny County Court of Common Pleas and the Allegheny County Sheriff's Office.  Plaintiffs have alleged no connection between this litigation and the Eastern District except one that carries no weight in a venue analysis—that Walter Bernard, who is representing

---

himself and his co-Plaintiff, maintains law offices in King of Prussia. *See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) (holding that the location of counsel's offices "is not a factor to be considered" in deciding transfer); *Leatherman v. Cabot Oil & Gas Corp.*, 2013 WL 1285491, at *3 (E.D. Pa. Mar. 29, 2013) (same).